UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DANA CASSIDY,<br>　　　　　**Plaintiff** | )<br>)<br>) |
| v. | )<br>) |
| **CITY OF BREWER AND BEN BREADMORE,** *in his individual capacity and official capacity as Code Enforcement Officer for Brewer, Maine*,<br>　　　　　**Defendants** | )　　**Civil No. 1:12-cv-137-DBH**<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On September 12, 2012, the United States Magistrate Judge filed with the court, with copies to counsel, her Recommended Decision that the defendants' motion to dismiss be granted. Report and Recommended Decision re Def.'s Mot. to Dismiss (ECF No. 10). The plaintiff filed an objection to the Recommended Decision on September 26, 2012. Pl.'s Objection to Report and Recommended Decision (ECF No. 11). I held oral argument on November 15, 2012. I have reviewed and considered the Recommended Decision, together with the entire record. I make a *de novo* determination.

I do not decide the difficult question whether, on top of constitutional standing requirements, a plaintiff suing for religious discrimination under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-5 (RLUIPA), must also satisfy so-called prudential standing

requirements. If he must, then the Magistrate Judge is certainly correct that this commercial landlord plaintiff, who is not a religious institution and whose church tenant has abandoned his lease, does not meet those requirements in bringing this RLUIPA challenge against the City of Brewer. But there are cases that read RLUIPA's language as requiring that a plaintiff meet only the Article III standing requirements and not the additional prudential requirements.[1] See, e.g., Oblates of St. Joseph v. Nichols, 2002 U.S. Dist. LEXIS 27671, at *21 (E.D. Ca. April 26, 2002) ("It seems clear that as to plaintiffs' claims under 42 U.S.C. § 2000cc, Congress intended to eliminate prudential standing requirements."); Dixon v. Town of Coats, 2010 WL 2347506, at *4 (E.D.N.C. June 9, 2010) (same); cf. United States v. Adeyemo, 624 F. Supp. 2d 1081, 1085 (N.D. Ca. 2008) (interpreting identical language in the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(c), and holding that only Article III standing requirements need be met). As the Magistrate Judge also ruled, this plaintiff does meet the Article III standing requirements.

Instead, I agree with the Magistrate Judge that the complaint here does not satisfy the ripeness requirement, although my reasoning is slightly different.[2] Because Rock Church, the tenant, chose not to pursue its expansion in the plaintiff landlord's premises, there never was a final decision

---

[1] 42 U.S.C. § 2000cc-2(a):
> A person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under Article III of the Constitution.

[2] I agree with Oblates of St. Joseph, 2002 U.S. Dist. LEXIS 27671, at *22-23, that the statute does not remove the prudential requirements for ripeness.

2

by the City. The code enforcement officer is not the City's final decision-maker. Cf. CRC Health Group, Inc. v. Town of Warren, 2012 U.S. Dist. LEXIS 133920, at *5 (D. Me. Sept. 19, 2012). The plaintiff argues that any appeal to the zoning board of appeals would have been futile, and that his religious discrimination argument could not generate a variance. Perhaps so as to the variance, but I do not know how the board of appeals would have acted on the Church's appeal, whether it would have agreed with the code enforcement officer's decision that the Church was planning an expansion that would lose its previously grandfathered status as a nonconforming use, or whether the board of appeals' decision and its rationale would have altered the shape of the religious discrimination claim that the plaintiff now wants to present. The Church's decision to walk away from its permit request without pursuing an appeal to the City's final decision-maker makes the plaintiff's claim of liability unripe for a federal court to adjudicate.[3]

---

[3] Since the First Circuit has not yet addressed the issue, I follow the Second Circuit and the Ninth Circuit in applying to the RLUIPA claim the ripeness requirement from Supreme Court takings jurisprudence. See Guatay Christian Fellowship v. Cnty. of San Diego, 670 F.3d 957, 976-80 (9th Cir. 2011) (applying Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985)); Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 347-50 (2d Cir. 2005) (same). This case does not fit the Williamson exception to the finality requirement, i.e., when a reviewing board can say only whether the reviewed decision violated any rights. Williamson, 473 U.S. at 193. Instead, the Brewer board of appeals has powers of its own, not just for variance decisions, but "to hear any appeal by any person, affected directly or indirectly from any decision, order, rule or failure to act of the Code Enforcement Officer" and to "interpret the provisions of the Ordinance which are called into question," making a record of "the appropriate order, relief or denial thereof." Brewer, Me., Ordinances ch. 34, art. III, § 301, art. IV, § 400.1, art. II, § 200.6. (The First Circuit has chosen not to apply Williamson ripeness requirements when the plaintiffs attack an entire zoning ordinance as invalid, see Smithfield Concerned Citizens for Fair Zoning v. Smithfield, 907 F.2d 239, 242-43 (1st Cir. 1990), but that is not the case here.)

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED IN PART**. The defendants' motion to dismiss is **GRANTED** for lack of ripeness.

**SO ORDERED.**

**DATED THIS 19TH DAY OF NOVEMBER, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**